The present offense did not involve Kyle Johnson's first brush with the criminal justice system. The record reveals a young man with a history of involvement in drug, weapons and assault charges since the age of sixteen. Furthermore, Kyle Johnson was not a passive participant in the death of Charles Cozart. Upon learning that Cozart had stolen T.A.M.'s stash, Kyle asserted that Cozart's actions should not be tolerated and Kyle kicked open Cozart's door. We conclude that the sentencing judge appropriately balanced the aggravating and mitigating factors, and the sentence imposed should not be disturbed. *State v. Jabbour,* 118 *N.J.* 1, 6, 570 *A.*2d 391 (1990); *State v. O'Donnell,* 117 *N.J.* 210, 215, 564 *A.*2d 1202 (1989).

Affirmed.

670 A.2d 1111

B.N., R.B., D.S., K.D., J.A., M.B., P.B., PLAINTIFFS–APPELLANTS, v. DEPARTMENT OF HUMAN SERVICES, DEFENDANT– RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 31, 1996—Decided February 13, 1996.

Before Judges SHEBELL, WALLACE and NEWMAN.

*Kenneth Goldman,* Esquire, of Cape Atlantic Legal Services argued the cause for appellants (*Richard Bennett* of Middlesex County Legal Services, *Mr. Goldman, Diane K. Smith* and *Elizabeth Szabo* of Somerset Sussex Legal Services, and *Richard Foard* of Essex Newark Legal Services, on the brief).

*Dennis J. Conklin,* Senior Deputy Attorney General argued the cause for respondent (*Deborah T. Poritz,* Attorney General of New Jersey, attorney; *Michael J. Haas,* Senior Deputy Attorney General, of counsel; *Mr. Conklin,* on the brief).

The opinion of the court was delivered by

SHEBELL, P.J.A.D.

Appellants are single mothers who receive Aid to Families with Dependent Children (AFDC). AFDC is administered through the State's 21 county welfare agencies (CWAs) pursuant to the State Assistance for Dependent Children statutes, *N.J.S.A.* 44:10–1

through 33. The Department of Human Services (DHS) is authorized by those statutes to promulgate regulations for the administration of AFDC.

At various times, appellants were each notified by their CWA that their Temporary Rental Assistance (TRA) under the AFDC program would terminate, pursuant to *N.J.A.C.* 10:82–5.10(f)(5)(i)(1), after twelve months of assistance. Each appellant requested an administrative hearing before the DHS, Department of Family Development (DFD), and, therefore, the matters were transmitted to the Office of Administrative Law as contested cases.

The Final Decisions of the Administrative Law Judges (ALJs) varied, but regardless of the determination of the ALJs, the Director of DFD upheld each CWA's decision terminating TRA to these families. Relying exclusively upon the time limits set forth in the regulations, the Director decided:

> On the basis of the hearing record, it is found that the client has been granted 12 months of rental assistance, which equals or exceeds the maximum period for such assistance permitted by the governing regulations, *N.J.A.C.* 10:82–5.10(f)5i(1). Accordingly, no further rental assistance may be granted to the client under these regulations.
>
> [*Final Administrative Decision in the Fair Hearing of DS,* dated March 3, 1994.]

Once determinations terminating TRA were rendered, the mothers appealed to this court. We granted stays in each case pending appeal. We then consolidated and accelerated all seven appeals.

Under TRA, recipients are required to undertake an individualized service plan setting forth all of the conditions and goals needed to be met by them, including such tasks as: conducting a search for permanent housing arrangements (up to ten contacts per week), and if appropriate, participating in job search/training programs. *N.J.A.C.* 10:82–5.10(e)(1) through (2); *N.J.A.C.* 10:85–4.6(c)(1) through (5). Regulations restrict TRA to a maximum period of up to 12 months, and do not provide for an extension of

TRA.    *N.J.A.C.*    10:82–5.10(f)(5)(i)(1);    *N.J.A.C.*    10:85–4.6(e)(2)(iii)(3).

In every case, despite the fact that each appellant had complied with her service plan, TRA was denied based entirely upon DHS regulations limiting temporary rental assistance to no more than twelve months.  Appellants challenge the DFD's denial of continued TRA as it was based solely upon the twelve month limitation imposed by DHS regulations.  *N.J.A.C.*  10:82–5.10(f)(5)(i)(1).  They argue further, that without a fall back provision, affirmance of the denial of TRA will render them homeless.

The validity of the twelve month regulation turns on the question of whether the Legislature intended, by enabling DHS to devise a system of emergency assistance, to authorize DHS to terminate emergency assistance at twelve months, regardless of the consequences to the recipients and their children.  Our Supreme Court, in *L.T. v. N.J. Department of Human Services,* 134 *N.J.* 304, 323–25, 633 *A.*2d 964 (1993), held that an identical 12 month TRA limitation without a fall-back provision violated the Legislature's mandate, as set forth in the General Assistance (GA) Law, that every citizen of New Jersey have adequate shelter.

The DHS claims that under the present AFDC legislation, the goals and purposes of welfare have "changed dramatically."  It argues that with enactment of the Family Development Act (FDA), *N.J.S.A.* 44:10–3.3 through 3.8 and *N.J.S.A.* 44:10–19 through 33, and the present emphasis toward self-sufficiency, that *L.T., supra,* does not apply to the AFDC program.  The State views the decision in *L.T., supra,* as merely echoing the earlier decision of *Franklin v. Department of Human Services,* 111 *N.J.* 1, 543 *A.*2d 1 (1988), a case whose analyses is based on the former primary focus of AFDC:  cash based assistance.

We cannot accept this argument.  *L.T., supra,* was decided post-FDA.  While the focus of AFDC, as well as GA, now emphasizes education and training, employment and independence, our Legislature has not clearly authorized the DHS to make homeless those persons who are striving toward their goals and complying

with their service plans. *L.T., supra,* 134 *N.J.* at 325, 633 *A.*2d 964.

In the case of recipients of GA, our Supreme Court ordered that:

DHS should not deny future claimants reasonable extensions from available funds unless (1) such claimants have failed to cooperate in the pursuit of effective plans developed by the local MWDs to avert their homelessness or (2) DHS shall have designated some other agency of government to provide shelter of last resort.

[*L.T., supra,* 134 *N.J.* at 325, 633 *A.*2d 964.]

We conclude that the order of the Supreme Court in *L.T., supra,* is controlling and we order that its provisions be applied to the cases that are the subject of this appeal and to other AFDC cases where there is a determination of need and the recipient complies with the established service plan.

Reversed and remanded.